IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00134-MR

| | | |
|---|---|---|
| JOHNNIE D. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MONICA BOND, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Notice of Motion for Temporary Restraining Order" [Doc. 31].

The incarcerated pro se Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution in 2022. [Doc. 1]. He was incarcerated at the Scotland Correctional Institution at the time of filing. [See Doc. 13 at 1, n.1]. On January 25, 2023, the Complaint passed initial review for the use of excessive force and retaliation against Justin Brien Harrold, and Kaji Emid, correctional sergeants; Darren Daves, a unit manager; Brad Williams, a case manager; and Marcus Davis, Dylan M. Causby, Jeffrey Shane Clawson, Montgomery Lowery, Kevin Roten, and Johnathan R. Madden, correctional

officers.[1] [Doc. 13]. The Defendants were served and filed an Answer. [Docs. 18, 22, 25]. On July 5, 2023, the Court entered a Pretrial Order and Case Management Plan that established the scheduling deadlines and also appointed North Carolina Prisoner Legal Services (NCPLS) to assist the Plaintiff with discovery. [Doc. 29]. On July 10, 2023, NCPLS filed a Notice of Non-Representation stating that it is unable to accept appointment in this case. [Doc. 30]. The deadline to amend and join parties expired on August 21, 2023. [Doc. 29].

In the instant Motion,[2] the Plaintiff claims that he was transferred back to Alexander CI shortly after NCPLS declined appointment in this case.[3] [Doc. 31]. He claims that, since his return to Alexander CI: evidence in support of his claims was destroyed during property inventory; his property was stored "on restriction" for 72 hours by Sergeant Carroll and Unit Manager

---

[1] Officers Clawson, Lowery, Roten, and Madden were referred to as John Does 1-4 in the Complaint.

[2] The Motion is dated August 20, 2023, it is post-marked August 22, 2023, and it was docketed on August 24, 2023. The Plaintiff does not state the date on which he placed the Motion in the prison's mail system. See generally Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule, under which a prisoner's pleading is filed with the court as of the date the prisoner placed the pleading in the prison systems outgoing mail to the court); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[3] The Plaintiff has failed to update his address with the Court. It is his responsibility to keep the Court apprised of his current address at all times and the failure to do so may result in this action's dismissal for lack of prosecution. [See Doc. 6 at ¶ 3 (Order of Instructions)].

Sigmon; Carroll forced him to undergo an "unjustified" cavity search to punish him for expressing concerns about being returned to Alexander CI; Carroll "lied on" him about a disciplinary infraction; Carroll and Sigmon denied him due process in disciplinary proceedings in August 2023; Disciplinary Hearing Officer Jerry Laws, who was named as a Defendant in the Complaint, found him guilty of the disciplinary infraction, which will hinder his release from prison; in August 2023, the Plaintiff submitted a PREA grievance for the September 7, 2022 "attack" and informed Case Manager Earp, Director of Programs Dula, and Transfer Coordinator Roughing of the same; he is being kept on RHAP due to false reports; and he is experiencing "wrongful deliberate indifference to his chronic mental health disorders." [Doc. 31 at 1-3]. The Plaintiff seeks additional damages and to be "emergency transferred" out of Alexander CI and the entire Western Region because the Defendants and their "conspiring colleagues" still work at Alexander CI, placing his "mental health is in danger." [Id. at 3].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury

3

Case 5:22-cv-00134-MR   Document 32   Filed 09/18/23   Page 3 of 4

and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter, 555 U.S. at 20. The Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. Therefore, his Motion for Temporary Restraining Order is denied.[4]

**IT IS, THEREFORE, ORDERED** that Plaintiff's pro se "Notice of Motion for Temporary Restraining Order" [Doc. 31] is **DENIED**.

The Clerk is respectfully instructed to mail a copy of this Order to the Plaintiff at the Alexander Correctional Institution and to his address of record.

**IT IS SO ORDERED**.

Signed: September 18, 2023

Martin Reidinger
Chief United States District Judge

---

[4] To the extent that the Plaintiff is attempting to add claims and Defendants to this action by way of this Motion, such is denied. Piecemeal amendment will not be allowed, the time to amend has expired, and the Plaintiff has failed to demonstrate good cause. See generally Fed. R. Civ. P. 15; [Doc. 29 (Pretrial Order and Case Management Plan)].

4