IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00134-MR

| JOHNNIE D. ALLEN, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| MONICA BOND, et al., | ) **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court sua sponte.

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] [Doc. 1]. The Complaint passed initial review against several Defendants for retaliation and for violating the Eighth Amendment. [Doc. 13]. The Defendants were served and filed Answers, and the Court entered a Pretrial Scheduling Order. [Docs. 25, 29]. The Court subsequently extended the pretrial deadlines; the parties now have until January 11, 2024 to file dispositive motions in this matter. [Nov. 21, 2023 Text-Only Order].

---

[1] The Plaintiff filed this action in the United States District Court for the Eastern District of North Carolina; it was then transferred to this Court. [Docs. 1, 5].

On November 16, 2023, the Court took note that the Plaintiff's return address on several of his pleadings did not match his address of record with the Court. [Nov. 16, 2023 Text-Only Notice]. The Plaintiff was directed to update his change of address with the Court within 14 days of the Notice. [Id.]. He was cautioned that "[f]ailure to promptly notify the Clerk of any such change … may result in the dismissal of the pro se plaintiff's action." [Id.; see also Doc. 6 (Order of Instructions cautioning Plaintiff that "[i]f the Plaintiff's address changes and no Notice [of Change of Address] is promptly filed with the Clerk of Court, this case may be dismissed for lack of prosecution")].

The Plaintiff has failed to update his address with the Court, and the time to do so has expired. The Plaintiff appears to have abandoned this action, and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

2

Case 5:22-cv-00134-MR   Document 43   Filed 12/20/23   Page 2 of 3

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: December 20, 2023

Martin Reidinger
Chief United States District Judge

3

Case 5:22-cv-00134-MR   Document 43   Filed 12/20/23   Page 3 of 3